# JACKSONWHITE
## ATTORNEYS AT LAW
### A Professional Corporation

40 North Center Street, Suite 200
Mesa, Arizona  85201
T: (480) 464-1111 F: (480) 464-5692
Attorneys for Creditor Jackson White, P.C.
By:    Bradley D. Weech, No. 011135, bweech@jacksonwhitelaw.com
       Kelly G. Black, No. 016376, kblack@jacksonwhitelaw.com
       centraldocket@jacksonwhitelaw.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Ethel Rose Harris,<br><br>    Debtor. | No. 2:13-bk-01104-RJH<br><br>**Chapter 13 Proceedings**<br><br>**Objection to Confirmation of Chapter 13 Plan**<br><br>Assigned to:  Honorable Randolph J. Haines |

    Jackson White, P.C., an unsecured creditor in the above-captioned case, objects to confirmation of the Chapter 13 Plan filed by Debtor for the reasons stated below:

    1.    The objection (Doc 24) filed by HSBC Bank indicates that Debtor's arrearage on her residential mortgage is $10,497.13 rather than the $4,563.69 indicated in the plan. The resulting $5,933.44 increase in the arrearage would require Debtor to pay at least $98.89 more per month (retroactive to month one) than she projects she is able to pay, making the plan infeasible. Feasibility would further decrease if HSBC Bank successfully includes post-petition expenses in the arrearage claim.

    2.    The objection (Doc 23) filed by the Maricopa County Treasurer indicates that Debtor's property tax debt is mis-classified, and should be treated as a secured claim with 16% interest. It further asserts that the principal amount of the pre-petition claim is $6,515.17 rather than the $436.96 indicated in the plan. The resulting $6,078.21 increase in principal would require Debtor to pay $101.30 more per month (retroactive to month one) than she projects she is able to pay, making the plan infeasible. At the interest rate claimed by the Treasurer, the claim

would accrue an additional $972.51 in interest for each plan year the claim remains unpaid, making the prospects of feasibility even lower.

3. The proof of claim (POC 1) filed by the Internal Revenue Service indicates that its priority claim is $3,624.02 rather than the $2,687.95 estimated by Debtor. The $936.07 difference ($15.60 per month, plus interest) further reduces the prospects that Debtor can establish feasibility.

4. Altogether, the above discrepancies increase Debtor's required plan contributions by at least $12,947.72. Given Debtor's monthly net income of $276.77, she cannot establish that she "will be able to make all payments under the plan and to comply with the plan" as required by 11 U.S.C. § 1325(a)(6).

5. It is further doubtful that Debtor can make the monthly payment of $277.00 currently required by the plan. During the six months before filing, Debtor averaged gross receipts of $8,807.63 and business expenses of $8,922.44. Doc 16, p. 1 ln. 3, p. 7 ln 57. She likewise shows a loss for 2012 in her tax returns. Doc 15, p. 1. In her schedules, however, Debtor states that she averages business and rental income totaling $4,600.00 with no business expenses. Doc 15, p. 17 lns 7-8, p. 18 ln. 16. In neither case does Debtor provide the detailed statement called for by the schedules. Accordingly, debtor will either be unable to make the monthly payments, making the plan infeasible under 11 U.S.C. § 1325(a)(6), or Form 22C statement does not take into account changes in her income and expenses that were "known or virtually certain" at the time she prepared her plan and schedules. *Hamilton v. Lanning*, ––– U.S. ––––, 130 S.Ct. 2464, 177 L.Ed.2d 23 (2010).

6. Accordingly, Debtor can confirm the plan only by devoting all of her projected disposable income to unsecured creditors. Debtor instead devotes most of her income to keeping her residence, including the following:

|   |   |   |   |   |
|---|---|---|---|---|
| a. | Treasurer pre-petition | $6,515.17 | 108.59 /mo x 60 (cure) + int. |
| b. | Treasurer post-petition | $21,000.00 | 350.00 /mo est. |
| c. | First mortgage arrearage | $10,497.13 | 174.95 /mo x 60 (cure) |
| d. | First mortgage post-petition | $699,197.00 | 2,521.23 /mo |

$3,154.77 /mo

Thus, Debtor will be contributing $3,154.77 per month toward keeping her home, for a total $737,209.30 over the life of the 60-month plan. This represents over 57% of her Schedule I income, and is not in compliance with 11 U.S.C. § 1325(b).

       7.      For the same reasons, the plan has not been proposed in good faith, in violation of 11 U.S.C. § 1325(a)(3).

       8.      Further, the mortgage payment included in the schedules does not appear to be consistent with the recorded documents. The deed of trust, filed in the records of the Maricopa County Recorder at [2006-1168071](#), indicates a $640,000 mortgage payable over 30 years at a variable rate of between 7.5% and 13.5%. The current rate under the chosen index is 7.5%. Assuming a standard amortization, that would require monthly payments of $4,474.97 principal and interest, plus tax and insurance. A rate increase would increase her monthly payment to as much as $8,008.69, plus tax and insurance. In the absence of a loan modification, the contractually required payments make the plan infeasible, and a cure would require further violations of Sections 1325(b) and 1325(a)(3).

      9.      The plan neither assumes nor rejects a lease which apparently provides $700 per month of income to the Debtor. The lease should be provided for, one way or the other, by the plan.

DATED this 1st day of April, 2013.

                                JACKSON WHITE, P.C.

                                /s/ Kelly G. Black
                                Attorneys for Creditor Jackson White, P.C.
                                By: Bradley D. Weech, No. 011135
                                      Kelly G. Black, No. 016376

---

10497-1045\620123.docm